**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4004**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DEMETRIUS L. SITTON,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior
District Judge.  (8:09-cr-00574-HMH-2)

_____

Submitted:  October 12, 2010          Decided:  November 1, 2010

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius L. Sitton appeals his sentence to forty months in prison and three years of supervised release after pleading guilty to possessing counterfeit ten dollar Federal Reserve Notes with intent to defraud, in violation of 18 U.S.C. §§ 2, 472 (2006), and making counterfeit one hundred dollar Federal Reserve Notes with intent to defraud, in violation of 18 U.S.C. § 471 (2006). Sitton's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing Sitton to forty months in prison and three years of supervised release. Sitton was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances and giving "due deference to the district court's decision."

2

<u>Gall</u>, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Sitton, and his sentence is reasonable. Neither party objected to the presentence report, and the district court properly calculated Sitton's advisory guideline range was thirty-three to forty-one months in prison based on a total offense level of thirteen and criminal history category VI. His offense level included a two-level reduction for acceptance of responsibility, which was the maximum reduction applicable for his offense level under <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1 (2008). The probation officer recommended a sentence at the high end of the guideline range based on Sitton's criminal history.

As the district court pointed out, Sitton had twenty criminal history points, when only thirteen were needed for the highest criminal history category. Sitton requested a sentence at the low end of his guideline range, noting he had cooperated immediately and had taken responsibility. The district court considered the sentencing factors under 18 U.S.C. § 3553(a) and the guidelines as advisory only, and reasonably determined a sentence of forty months in prison followed by three years of supervised release was appropriate in Sitton's case.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4